12-268
Reci v. Holder

BIA
Elstein, IJ
A098 940 002
A098 940 001

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand thirteen.

PRESENT:
      DEBRA ANN LIVINGSTON,
      DENNY CHIN,
      SUSAN L. CARNEY,
           *Circuit Judges.*
_____

SOFIJE RECI, GENTIAN RECI,
           *Petitioners,*

           v.                                  12-268
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
           *Respondent.*
_____

FOR PETITIONER:        Theodore N. Cox, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Carl H. McIntyre,
                       Assistant Director; W. Daniel Shieh,
                       Trial Attorney, Office of

Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Sofije Reci ("Reci") and her son Gentian, natives and citizens of Albania, seek review of a January 10, 2012 decision of the BIA affirming the April 5, 2010 decision of an Immigration Judge ("IJ"), which denied Reci's application for asylum and withholding of removal.[1] *In re Sofije & Gentian Reci*, Nos. A098 940 002/001 (B.I.A. Jan. 10, 2012), *aff'g* Nos. A098 940 002/001 (Immig. Ct. N.Y. City Apr. 5, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications such as these, which are governed by the

---

[1] Reci's application included Gentian as a derivative applicant, as permitted by 8 U.S.C. § 1158(b)(3).

2

amendments to the Immigration and Nationality Act made by the REAL ID Act of 2005, the agency "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Here, the agency's adverse credibility finding is supported by substantial evidence.

The agency reasonably found that the petitioners were incredible based on their inconsistent testimony regarding the identity of the individuals who allegedly threatened them in December 2004, which family member filed a police report after another alleged incident in April 2005, the dates they resided in a new apartment after the latter incident, and who authored Reci's asylum application. *Xiu Xia Lin*, 534 F.3d at 167. The petitioners contend that they provided "sufficient and plausible" explanations for these inconsistencies, but their brief failed to address the first two findings, and their explanation for the latter two findings is insufficient to overturn the agency's determination. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81

3

(2d Cir. 2005) (explaining that petitioners "must do more than offer a plausible explanation ... to secure relief; [they] must demonstrate that a reasonable fact-finder would be *compelled* to credit [their] testimony" (internal quotation marks omitted)).

The petitioners also contend that the agency erred in requiring corroborative evidence that was not reasonably available. However, the agency was permitted to require petitioners to submit additional evidence from family members to rehabilitate their incredible testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).

Because the agency's adverse credibility determination is supported by substantial evidence, this Court will defer to that ruling. *Xiu Xia Lin*, 534 F.3d at 167. As the only evidence of a threat to the petitioners' lives or freedom depended upon their credibility, the adverse credibility determination in this case is dispositive of their claims for both asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk